Michael R. Lozeau (State Bar No. 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, CA 94612
Tel: (510) 836-4200
Fax: (510) 836-4205
E-mail: michael@lozeaudrury.com

Attorneys for Plaintiff
COMMUNITIES FOR A BETTER ENVIRONMENT

*Plaintiff's Additional Counsel Listed on Next Page*

Joseph N. Akrotirianakis (State Bar No. 197971)
King & Spalding LLP
633 W 5th Street, Ste 1700
Los Angeles, CA 90071-2073
Tel: (213) 443-4355
E-mail: jakro@kslaw.com

Attorneys for Defendant
EVERPORT TERMINAL SERVICES INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT, | ) <br> ) Case No. <br> )     2:20-cv-06638-CBM (PJWx) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     CONSENT <br> )     DECREE  [13] <br> ) |
| EVERPORT TERMINAL SERVICES INC., | ) <br> ) |
| Defendant. | ) <br> ) |

Shana Lazerow (State Bar No. 195491)
COMMUNITIES FOR A BETTER ENVIRONMENT
340 Marina Way
Richmond, CA 94801
Tel: (510) 302-0430 x 18
Fax: (510) 302-0438
E-mail: slazerow@cbecal.org

---

## CONSENT DECREE

This Consent Decree ("Consent Decree") is hereby entered into by and between Communities for a Better Environment, referred to in this Consent Decree as "CBE," and Everport Terminal Services, Inc., referred to in this Consent Decree as "Everport."   Collectively, CBE and Everport are sometimes referred to in this Consent Decree as the Parties or individually as a Party.

RECITALS

WHEREAS, CBE is an environmental justice non-profit 501(c)(3) organization organized under the laws of the State of California with a local office in Huntington Park, California;

WHEREAS, CBE is dedicated to empowering low-income communities of color that seek a voice in determining the health of their air, water and land;

WHEREAS, Everport is the owner and operator of a marine terminal facility located at 389 Terminal Way, San Pedro, California, hereinafter referred to by the Parties as the "Facility";

WHEREAS, storm water discharges associated with industrial activity at the Facility are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 92-12-DWQ (as amended by Water Quality Order 97-03-DWQ and as subsequently amended by Water Quality Order

Case 2:20-cv-06638-CBM-PD   Document 16   Filed 10/01/20   Page 4 of 16   Page ID #:117

No. 2014-0057-DWQ) (hereinafter the "Permit"), issued pursuant to Section 402 of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C. §§ 1251 *et seq.*;

WHEREAS, on January 14, 2020, CBE served Everport, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Officer of Los Angeles Regional Water Quality Control Board ("Regional Board"), the U.S. Attorney General, and the Regional Administrator of the EPA (Region 9) with a notice of intent to file suit under Sections 505(a)(1) and (f) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(A) ("60-Day Notice Letter"), alleging violations of the Act and the Permit at the Facility;

WHEREAS, CBE's 60-Day Notice Letter alleged specifically that Everport: discharged stormwater from the Facility in excess of BAT/BCT levels; discharged into impaired receiving waters; failed to implement an adequate monitoring and reporting program; failed to prepare, implement, review and update an adequate stormwater pollution prevention plan ("SWPPP"); failed to comply with evaluation and Exceedance Response Actions ("ERA") requirements; and failed to comply with monitoring and sampling requirements;

WHEREAS, in the 60-Day Notice Letter, CBE indicated its intent to file a citizen suit under Clean Water Act § 505(a) against Everport for the

Page 4

above-referenced alleged violations, to seek declaratory and injunctive relief to prevent further Clean Water Act violations pursuant to Clean Water Act §§ 505(a) and (d), 33 U.S.C. § 1365(a) and (d), and such other relief as permitted by law, and to seek civil penalties pursuant to Clean Water Act section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4, against Everport;

WHEREAS, on July 24, 2020, CBE filed a complaint against Everport in the United States District Court, Central District Court of California, entitled *Communities For A Better Environment v. Everport Terminal Services* (Case No. 2:20-cv-06638), alleging violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Permit at the Facility ("Complaint") based on the 60-Day Notice Letter;

WHEREAS, Everport denies any and all of the violations alleged in the NOI and the Complaint;

WHEREAS, since February 2019, Everport has implemented the following corrective measures at the Facility: updated the SWPPP; conducted a contaminant source assessment; isolating storm water flows from the designated industrial areas; reduced run-on from non-industrial areas where feasible; and implemented additional best management plan ("BMP") improvements, including installing drain inlet filters, media wattles, a written and documented sweeping program, and further evaluating other potential advanced BMPs for installation at the Site (hereinafter,

"Corrective Actions");

WHEREAS, the Parties have identified a number of improvements to be made at the Facility and to the SWPPP that are necessary for Everport to achieve compliance with the Permit, including identifying additional areas of industrial activities at the facility, amending the SWPPP to include these areas, implementing BMPs for these areas, and providing a site map consistent with the Permit;

WHEREAS, in the most recently sampling performed by Everport, which results were submitted to California's Stormwater Multiple Action and Report Tracking Systems ("SMARTS"), the Facility has not exceeded the Numeric Action Levels ("NALs") specified in the Permit, for all parameters (pH, total suspended solids, oil and grease, aluminum, iron, lead and zinc), in the three areas of industrial activity previously identified on the Site, including Maintenance and Repair ("M&R"), vehicle fueling, and chassis maintenance; and

WHEREAS, to promote judicial economy and avoid the uncertainty and expense of litigation, the Parties desire to settle and compromise their dispute concerning CBE's claims upon the terms and conditions set forth below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CBE and Everport hereby agree as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2). For purposes of this Consent Decree or any action to enforce this Consent Decree, Defendant consents to the Court's continuing subject matter and personal jurisdiction over this Consent Decree and consents to venue in this juridical district.

## COMPLIANCE REQUIREMENTS

2.      For the term of this Consent Decree, Everport agrees to operate the Facility in compliance with the applicable requirements of the Permit and the Clean Water Act.

3.      Corrective Actions. **Within sixty (60) days** of the Court's approval of this Consent Decree, Everport shall modify its SWPPP and submit a revised version to SMARTS. The revised SWPPP shall contain the following:

    a.  <u>Crane Maintenance BMPs</u>.  Everport shall amend its SWPPP to include provisions for implementing BMPs for the time periods the Facility is conducting maintenance on the cranes, which cannot otherwise be performed indoors at the crane shop at the Facility. CBE has already reviewed and, based on the currently available information, agrees that the content of the SWPPP changes is appropriate.

b. <u>Site Map</u>. Everport shall prepare maps that display each of the industrial areas, direction of flow of stormwater, and location of best management practices in a manner that does not reveal any sensitive security information that would be prohibited by the Department of Homeland Security ("DHS") regulations promulgated pursuant to the Marine Transportation Security Act ("MTSA") (see 33 C.F.R. § 105), and include those maps with the SWPPP submitted to SMARTS. CBE has already reviewed and, based on the currently available information, agrees that the content of the maps is appropriate.

c. A copy of the amended SWPPP shall be provided to CBE within five (5) business days of completion.

## ATTORNEY'S FEES AND MITIGATION

4.      <u>Penalties and Fees</u>. Everport shall pay the cash sum of Thirty-Three Thousand Dollars ($33,000.00) in attorneys' fees and costs ("Settlement Payment"). The Settlement Payment shall be made payable to "Lozeau Drury, LLP Trust Account." Lozeau Drury, LLP shall provide a W-9 and an invoice to Everport for that purpose within seven (7) days of the Effective Date of the Consent Decree. The Settlement Payment shall be made by Everport within thirty (30) days of the Court's order granting approval of this Consent Decree.

5.      <u>Mitigation Payment</u>. In recognition of the good faith efforts by

Everport to comply with all aspects of the Permit and the Clean Water Act, and in lieu of payment by Everport of any civil penalties, which have been disputed but may have been assessed in this action if it had been adjudicated adverse to Everport, the Settling Parties agree that Everport shall pay the sum of Thirty Five Thousand Dollars ($35,000.00) to the Rose Foundation for Communities and the Environment for the sole purpose of providing grants to environmentally beneficial projects relating to water quality improvements in Los Angeles County watersheds ("Mitigation Payment"). The Rose Foundation will issue an invoice to Defendant within fifteen (15) days of the Effective Date of the Consent Decree. The Mitigation Payment shall be provided to the Rose Foundation as follows: Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607, Attn: Tim Little. The Mitigation Payment shall be made by Everport to the Rose Foundation within thirty (30) days of the Court's order granting approval of this Consent Decree.  Everport shall copy CBE with any correspondence and a copy of the check sent to the Rose Foundation. The Rose Foundation shall provide notice to the Settling Parties within thirty (30) days of when the funds are dispersed by the Rose Foundation, setting forth the recipient and purpose of the funds.

## RELEASES

6.      In consideration of the above, and except as otherwise provided by this Consent Decree, the Parties hereby forever and fully release each other and their

respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the Parties have against each other arising from CBE's allegations and claims as set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharges at the Facility, whether or not asserted, up to and including the Termination Date of this Consent Decree.

NO ADMISSION OF LIABILITY

7.      This Consent Decree is entered into for the purposes of compromising disputed claims and avoiding the expense, inconvenience, and uncertainty of litigation. Nothing contained in this Consent Decree, nor any consideration given pursuant to it, shall constitute or be deemed an admission of any breach, liability, or damages of any Party.

8.      The Parties acknowledge that the payments in ¶¶ 4 and 5 were agreed upon as a compromise and final settlement of disputed claims and that payment is not, and may not be construed as, an admission of liability and is not to be construed as an admission that Everport engaged in any wrongful, tortious or unlawful activity. Everport specifically disclaims and denies any liability to CBE or violations of the Clean Water Act.

REVIEW BY FEDERAL AGENCIES

9.      Review by Federal Agencies. Pursuant to 33 U.S.C. § 1365(c)(3), CBE

shall submit this Consent Decree to the United States Environmental Protection

Agency ("EPA") and the United States Department of Justice ("DOJ"), and together

EPA and DOJ shall be referred to hereinafter as the "Agencies," via certified mail,

return receipt requested, within five (5) days after the Effective Date of this Consent

Decree for review consistent with 40 C.F.R. § 135.5. The Agencies' review period

expires forty-five (45) days after receipt of the Consent Decree by the Agencies, as

evidenced by the return receipts, copies of which shall be provided to Everport upon

receipt by CBE. In the event that the Agencies comment negatively on the

provisions of this Consent Decree, CBE and Everport agree to meet and confer to

attempt to resolve the issue(s) raised by the Agencies. If CBE and Everport are

unable to resolve any issue(s) raised by the Agencies in their comments, CBE and

Everport agree to expeditiously seek a settlement conference with the Magistrate

Judge assigned to the Complaint in this matter to resolve the issue(s).

GENERAL TERMS AND CONDITIONS

10.     Effective Dates.  This Consent Decree shall become effective upon the

entry of the Consent Decree by the Court.

11.     Termination Date of Consent Decree.  The Termination Date of this

Consent Decree shall be one hundred twenty (120) days after Court approval of the

Consent Decree to ensure Everport's compliance with the corrective actions required under ¶ 3 and its payment obligations under ¶¶ 4 and 5 herein. If on that 120th day Defendant has failed to complete all payments and affirmative duties required by the Consent Decree, then the Termination Date of the Consent Decree shall be extended through completion of any such obligations or proceedings to enforce any such failures.

12.   Correspondence. All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular, certified, or overnight mail as follows:

If to CBE:

Shana Lazerow
Communities For A Better Environment
340 Marina Way
Richmond, CA 94801
slazerow@cbecal.org

and
Michael Lozeau
Lozeau Drury, LLP
1939 Harrison Street
Suite 150
Oakland, CA 94612
michael@lozeaudrury.com

If to Everport:

Joseph N. Akrotirianakis
Partner
King & Spalding LLP

633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
213-443-4313
jakro@kslaw.com

and

Adam G. Sowatzka
Partner
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
404-572-3509
asowatzka@kslaw.com

13.    <u>Costs</u>. Except as provided in this Consent Decree, the Parties shall each

bear their own attorney's fees and other expenses incurred as a result of the dispute

to which this Consent Decree relates, including expenses for the negotiation and

preparation of this Consent Decree. If any legal action is commenced to interpret,

enforce, or recover damages for the breach of any term of this Consent Decree, the

litigation costs and fees incurred in such legal action will be awarded in accord with

the standard established by Section 505 of the Clean Water Act, 33 U.S.C. § 1365.

14.    <u>Integration.</u> This Consent Decree contains the entire understanding

between the Parties concerning the settlement of this dispute. Any and all prior

negotiations that are not contained in this Consent Decree are superseded and are of

no force or effect. Each Party represents and warrants that no promise or inducement

to enter into this settlement has been made to him or his that is not set forth in this

Consent Decree.

15.    <u>Cooperation</u>. Each Party covenants and agrees to execute such further documents and perform such further acts as may be reasonable and necessary to effectuate the purposes of this Consent Decree.

16.    <u>Choice of Law</u>. This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

17.    <u>Severability</u>. In the event that any of the provisions of this Consent Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected and shall be construed and enforced so as to best effectuate the intention of the Parties at the time this Consent Decree was entered into.

18.    <u>Gender</u>. Where the context requires, the masculine, feminine, and neuter genders shall be construed to include each other, as shall the singular and the plural and the past, present, and future tenses.

19.    <u>Disputes</u>. Any disputes arising under this Consent Decree between the Parties shall be subject to a notice and meet and confer process. Each Party shall cause such notice to be disseminated to the other Party no later than ten (10) days following the start of any such dispute under the Consent Decree. The Parties shall thereafter meet and confer regarding the dispute no later than ten (10) days after the notice is received by the noticed Party.

20.     Execution in Counterparts. The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

21.     Facsimile Signatures. The Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

22.     Amendments. This Consent Decree may not be orally superseded, modified, or amended.  No waiver, modification, or amendment shall be valid unless in a writing signed by all Parties.

23.     Authority to Sign. The undersigned are authorized to execute this Consent Decree on behalf of their respective parties and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

NOW, THEREFORE, the Parties hereby agree to enter into this Consent Decree:

Date: _____, 2020     COMMUNITIES FOR A BETTER ENVIRONMENT

 

_____
Darryl Molina Sarmiento
Executive Director

Approved as to form:


Date: _____, 2020     LOZEAU DRURY LLP


_____
Michael R. Lozeau
Attorneys for Communities For A Better Environment


Date: _____, 2020     EVERPORT TERMINAL SERVICES INC.

_____
George Lang
President

Approved as to form:


Date: _____, 2020     KING & SPALDING LLP


_____
Joseph N. Akrotirianakis
Attorneys for Everport Terminal Services Inc.

**IT IS SO ORDERED.**


Date: OCTOBER 1, 2020

_____
HON. CONSUELO B. MARSHALL
United States District  Judge